Adam H. Friedman, Esq.
Lori Marks-Esterman, Esq.
Jonathan T. Koevary, Esq.
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019

*Attorneys for Surrey Realty Associates LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 20 East 76th Street Co., LLC, | Case No. : 20-11007 (MG) |
| Alleged Debtor. | |

**RESPONSE OF GROUND LESSOR SURREY REALTY ASSOCIATES LLC TO**
**PETITIONER'S SECOND SUPPLEMENTAL**
**STATEMENT IN SUPPORT OF ENTRY OF AN ORDER FOR RELIEF**

Surrey Realty Associates LLC (the "Ground Lessor"), by and through its undersigned

counsel, hereby files this Response (the "Response") to the Surrey NY LLC's (the "Petitioner")

*Second Supplemental Statement in Support of Entry of an Order for Relief* dated July  [Dkt. No.

21] dated July 7, 2020 (the "Statement").  In support of this Response, the Ground Lessor

respectfully states as follows:

1.      At the last status conference, the Court requested the parties discuss a budget to

allow this case to proceed in chapter 11.  Attached as Exhibit A hereto is a true and correct copy

of an the email dated July 2, 2020 from Mr. Nathan Haynes as counsel to the alleged debtor (the

"Alleged Debtor") to Mr. Adam Friedman as counsel to the Ground Lessor and Mr. Kevin Nash

as counsel to the Petitioner.  The email attached the Alleged Debtor's proposed chapter 11

budget, as prepared by the Alleged Debtor to allow it to maintain the hotel and pay necessary and required expenses (the "Debtor Budget").

2.      On July 2, 2020, subsequent to receipt of the Debtor Budget, counsel for the Alleged Debtor, Petitioner and the Ground Lessor had a conference call to discuss the Debtor Budget and Alleged Debtor's chapter 11 funding needs.  During that call, Mr. Nash indicated that the Petitioner would not fund the Debtor Budget.

3.      Since the July 2 conference call, the Petitioner has not committed to fund the Debtor Budget and to date has not otherwise proposed an acceptable alternative.

4.      The Debtor Budget consists of over $3 million of expenses for the month of July and projects approximately $1.07 million needed for August and again for September for a total of over $5 million in the next three months.  The Debtor Budget includes $1.8 million of past due real estate taxes accruing at 18% interest, funding of a tax escrow, rent, over $100,000 of monthly employee wages, safety and upkeep costs, plus trustee and professional fees.

5.      The Statement's proposal is wholly inadequate to preserve and protect the hotel or fund a chapter 11 case.  Whereas the Debtor Budget requires over $5 million over the next three months, the Statement proposes a "commitment" with "total potential value of approximately $2.0 million over the next six (6) months." *Statement* ¶ 16.  The Statement prioritizes $50,000 for its prized litigation budget, and offers only $15,000 for "certain utility and security expenses" albeit only during the pendency of a not filed adversary proceeding (which is approximately 10% of the amount required under the Debtor Budget for such expenses).  Most significantly, Petitioner refuses to pay the real estate tax bill that became due on July 1, 2020; and instead only offers to pay such unpaid delinquent taxes on a limited pro-rated monthly basis, even though the

5456727-1

City of New York has not offered any moratorium or extension of the tax due or the priming tax liens that will be imposed on the hotel as a result of non-payment. *Id.* ¶¶ 14-15.

6.      The Petitioner would forgo payment of necessary employee and engineers wages as well as monthly rent based on a dispute not yet brought – and that Petitioner has no standing to bring – and does not so much seek to offer to escrow these payments or provide any sort of adequate protection for the payment for rent or taxes or other obligations as is required under 11 U.S.C. § 363(e). *See, e.g., Matter of Cont'l Airlines, Inc.,* 154 B.R. 176, 180 (Bankr. D. Del. 1993) (finding that adequate protection is available under section 363(e) for a decrease in value due to the use, sale, *or lease* of an entity's interest in property) (emphasis added); *In re P.J. Clarke's Rest. Corp.,* 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (providing that a "landlord's right to adequate protection seems to follow clearly from the language of Section 363(e)").

7.      Furthermore, it is unclear if the statement is in fact a commitment at all.  There is nothing signed or sworn by any officer or principal of the Petitioner demonstrating Petitioner is ready, willing, and able to fund anything.

8.      Finally, the Ground Lessor was surprised to see the Statement's inclusion of the characterization of the state court litigation, which the Ground Lessor believes is beyond the scope of what the Court requested at the June 30 hearing.

9.      Although the Petitioner's framing of the state court litigation is largely argument that does not require a response at this time, the Ground Lessor believes it is incumbent to highlight a highly questionable legal argument presented as supposed fact.  Petitioner states: "Given the absence of the Ground Lessor, the decision carries no collateral estoppel or res judicata effect, although it certainly references an air of resistance which punctuated the later attempts to sell the Hotel." *Id.* ¶ 13.

10.     First, the fact that Ground Lessor was not a party to the prior state court litigation

is irrelevant to whether the state court's decision will have collateral estoppel effect as against

the Petitioner or Alleged Debtor, both of whom were parties to the prior state court litigation.

*See, e.g., U.S. S.E.C. v. Monarch Funding Corp.*, No. 85 CIV. 7072 (LBS), 1996 WL 348209, at

*4 (S.D.N.Y. June 24, 1996), *citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332–33 (1979)

(mutuality in parties in not required for issue preclusion). Whether the Alleged Debtor and/or the

Petitioner will be collaterally estopped remains to be determined.

11.     Second, the sworn statements submitted by the Alleged Debtor in the prior state

court litigation attesting to Petitioner's "lack of cooperation" in responding to Ground Lessor's

request for information will certainly be evidentiary admission in any potential future litigation,

including the Alleged Debtor's sworn statement that it was Petitioner who refused to cooperate

in the proposed sale, refusing to provide the Ground Lessor with required financial disclosures;

that the Petitioner's responses were "inadequate" and "incomplete," and that Petitioner's "lack of

cooperation" was hindering and "delaying" the process of Ground Lessor's review.

12.     Specifically, the Alleged Debtor's sworn submissions to the Court note that in

response to the Ground Lessor's request in September 2013 that Petitioner provide detailed

financial information to address Ground Lessor's concern as to whether Petitioner is an

Experienced First Class Owner (a requirement in the Ground Lease), Petitioner refused to

provide the requested documents, and instead provided Alleged Debtor with mere "marketing

brochures." Affidavit of David Duncan in Support of Defendant's Motion for Partial Summary

Judgment, sworn to on October 15, 2015, at para. 20 – 27, a copy of which (excluding exhibits)

is annexed hereto as Exhibit B.  The Alleged Debtor further attested that it was Petitioner's

"incomplete response" that elicited Ground Lessor's unfavorable reaction to Petitioner as a

would-be purchaser.  *Id*.; *see also* Affidavit of David Duncan in Opposition to Plaintiff's Motion for Preliminary Injunction, sworn to on August 4, 2014, attached hereto as Exhibit C (excluding exhibits).

13.     These sworn statements by the Alleged Debtor are judicial admissions that should be binding as against the Alleged Debtor in any subsequent litigation.  *See, e.g., Hausler v. JP Morgan Chase Bank, N.A.,* 127 F. Supp. 3d 17, 36–37 (S.D.N.Y. 2015), *citing In re Budnick*, 469 B.R. 158, 170 (Bankr. D. Conn. 2012) ("Unless the elements of estoppel are present, in the later action the judicial admission in the earlier action is treated as an evidentiary admission.").

Dated: New York, New York
       July 8, 2020

OLSHAN FROME WOLOSKY LLP

By:   */s/ Adam H. Friedman*
      Adam H. Friedman
      Lori Marks-Esterman
      Jonathan T. Koevary
      1325 Avenue of the Americas
      New York, New York 10019
      (212) 451-2300
      *Counsel for Surrey Realty Associates LLC*

5456727-1